**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JARRID CHRISTOPHER BLOOM,

Defendant - Appellant.

No. 10-30007

D.C. No. 4:09-cr-00015-RRB-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, Chief District Judge, Presiding

Argued and Submitted June 28, 2012
Fairbanks, Alaska

Before: GOODWIN, W. FLETCHER, and M. SMITH, Circuit Judges.

Defendant-Appellant Jarrid Christopher Bloom contends that the district

court's restitution order violates the terms of his plea agreement, and he therefore

seeks to withdraw the plea. As the facts and procedural history are familiar to the

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

parties, we do not recite them here except as necessary to explain our disposition.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm Bloom's conviction.

"Plea agreements are contractual in nature and are measured by contract law standards." *United States v. De La Fuente*, 8 F.3d 1333, 1337 (9th Cir. 1993) (internal quotation omitted). To interpret plea agreements, this court applies "*objective* standards" to determine "the parties' or defendant's *reasonable* beliefs that control." *Id.* at 1337 n.7.

Here, Bloom seeks to withdraw his plea agreement because the court ordered restitution despite a statement in the the plea agreement that states "[n]o restitution is involved in this case." However, the plea agreement also states that "the Court may order the defendant to pay restitution[,]" and that Bloom "waives without exception the right to appeal on all grounds contained in 18 U.S.C. § 3742 the sentence the Court imposes – including forfeiture (if applicable) or terms or conditions of probation (if applicable) or supervised release, and any fines *or restitution*." (emphasis added). These statements put Bloom on notice that the plea could result in restitution, despite the inaccurate boilerplate language. *See United States v. Anglin*, 215 F.3d 1064, 1068 (9th Cir. 2000) (holding that the government's "failure to remove from a plea agreement boilerplate language that

2

reserves a defendant's right to appeal her conviction does not necessarily vitiate other language in the plea agreement that clearly waives that right").

Moreover, in Bloom's January 4, 2010 Sentencing Memorandum, filed after the court accepted the plea, Bloom argued that the statement that "[n]o restitution is involved in this case" means that the court may not require him to pay restitution. However, Bloom stated that he "does not want to withdraw his guilty plea, nor does he wish to set the plea agreement aside. He simply asks that the court compel the government through specific performance to provide the benefit promised to him in exchange for surrendering his right to trial, *i.e.*, stand by the stated agreement of no restitution." On appeal, Bloom cannot seek for the first time to vacate his plea agreement. Accordingly, we affirm Bloom's conviction.

**AFFIRMED**.